```
_____ FILED          _____ RECEIVED
_____ ENTERED        _____ SERVED ON
              COUNSEL/PARTIES OF RECORD

        MAY 1 1 2012

     CLERK US DISTRICT COURT
        DISTRICT OF NEVADA
BY: _____ DEPUTY
```

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JOSEPH PHILIP KALENOWSKY,

    Plaintiff,

v.

CANYON CAPITAL FUNDING CORP., et al.,

    Defendants.

3:11-cv-797-RCJ-VPC

**ORDER**

    This is a foreclosure case involving a single property. Motions to dismiss the complaint for failure to state a claim have been filed by Defendant GreenPoint Mortgage Funding, Inc. (#7) and Defendants Executive Trustee Services, LLC and GMAC Mortgage, LLC (#10) (collectively "Defendants"). For the following reasons, the Court grants GreenPoint Mortgage Funding's motion to dismiss (#7) in full and grants in part and denies in part Executive Trustee Services' and GMAC Mortgage's motion to dismiss (#10).

## BACKGROUND[1]

    Plaintiff Joseph Philip Kalenowsky is the owner of real property located at 1740 Peavine

---

[1] Defendants have requested judicial notice to be taken of attached copies of relevant publicly recorded documents. (*See* Reqs. for Judicial Notice (##8, 11, 22)). The Court takes judicial notice of these public records. *See Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (the court may take judicial notice of the records of state agencies and other undisputed matters of public record under Fed. R. Evid. 201).

Road, Reno, Nevada 89503 (the "Property"). (Compl. (#3) at 3). On June 7, 2006, Plaintiff refinanced the Property by obtaining a $232,000 loan from GreenPoint Mortgage Funding, which was evidenced by a promissory note and secured by a deed of trust (the "Deed of Trust"). (*Id.* at 3-4; *see also* Promissory Note (#8) at 8; Deed of Trust (#8) at 15). The Deed of Trust named GreenPoint Mortgage Funding as lender, Marin Conveyancing Corporation as trustee, and Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee and beneficiary. (Deed of Trust (#8) at 15-16).

Plaintiff later fell behind on the payments of the loan secured by the Deed of Trust, and on August, 10, 2010, Executive Trustee Services filed a notice of default and election to sell under deed of trust. (Compl. (#3) at 4; Notice of Default (#22) at 37). MERS however did not formally substitute Executive Trustee Services as trustee of the Deed of Trust until July 1, 2011, nearly a year later. (Substitution of Trustee (#22) at 33). Executive Trustee Services claims it was acting as agent for the beneficiary in executing the notice of default rather than as trustee, but no evidence that any agency relationship existed is currently before the Court. (Notice of Default (#22) at 38). A trustee's sale of the Property was held by Executive Trustee Services on July 22, 2011 and the Property was sold to Defendant GMAC Mortgage, LLC. (Compl. (#3) at 7).

Plaintiff filed this complaint in the Second Judicial District Court of the State of Nevada on October 10, 2011 against Canyon Capital Funding Corporation, Greenpoint Mortgage Funding, MERS, Executive Trustee Services, and GMAC Mortgage. The complaint contains six causes of action, including: (1) unlawful foreclosure; (2) unjust enrichment; (3) injunctive relief; (4) declaratory relief; (5) restoration of title; and (6) quiet title. (*Id.* at 8-15). This matter was then removed to this Court on November 3, 2011. (Pet. for Removal (#1)).

Defendant GreenPoint Mortgage Funding filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) on November 9, 2011 and Defendants Executive Trustee Services and GMAC Mortgage filed a motion to dismiss on the same grounds on November 14, 2011. (Mot. to Dismiss (#7); Mot. to Dismiss (#10)). The Court held oral argument on March 19, 2012.

## LEGAL STANDARD

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

To avoid a Rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Although detailed factual allegations are not required, the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. All well-pleaded factual allegations will be accepted as true and all reasonable inferences that may be drawn from the allegations must be construed in the light most favorable to the nonmoving party. *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. The court should freely give leave to amend when there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also* FED. R. CIV. P. 15(a). Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992).

## DISCUSSION

Plaintiff alleges in his first cause of action that he was unlawfully foreclosed upon. (Compl. (#3) at 8-10). Under Nevada law, to succeed on a claim of wrongful foreclosure a plaintiff must show that a lender wrongfully exercised the power of sale and foreclosed upon

his or her property when the homeowner was not in default on the mortgage loan. *See Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983). Here, Plaintiff's claim for wrongful foreclosure cannot stand because although the home was sold at a trustee's sale, Plaintiff has admitted that he was in default of the mortgage loan when the power of sale was exercised. (*See* Compl. (#3) at 4). Because Plaintiff was in default on the mortgage loan, he has failed to state a claim for wrongful foreclosure.

However, drawing all reasonable inferences in favor of the nonmovant as the Court must for the purposes of these motions, Plaintiff may have intended to allege that the foreclosure was wrongful in the sense that it was statutorily defective. NRS § 107.080 sets out certain procedures that must be followed before a trustee may execute the power of sale, and if these procedures are not substantially complied with, the sale may be declared void. NEV. REV. STAT. § 107.080(5)(a). In order to foreclose on the borrower, the beneficiary, successor in interest of the beneficiary or the trustee must first execute and cause to be recorded a notice of default. *Id.* § 107.080(2)(c). The power of sale then cannot be exercised until three months have elapsed from the recording of the validly executed notice of default. *Id.* § 107.080(2)(d). It is a statutory defect for an entity that is not yet the beneficiary, trustee, or an agent of one of these entities to record the notice of default. *Chandler v. Indymac Bank, F.S.B.*, 2011 WL 1792772, at *2 (D. Nev. 2011).

Plaintiff has noted in his complaint that Executive Trustee Services was not the trustee at the time it filed the notice of default. (Compl. (#3) at 4). Executive Trustee Services filed the notice of default on August 10, 2010 but was not formally substituted as trustee until July 1, 2011. (Notice of Default (#22) at 38; Substitution of Trustee (#22) at 34). Defendants claim Executive Trustee Services was acting as an agent of the beneficiary and therefore had authority to file the notice of default. (Reply (#21) at 7). Yet there is currently no evidence before the Court that demonstrates Executive Trustee Services was an authorized agent at the time the notice of default was filed. Because it is currently unclear that Executive Trustee Services had authority to execute the notice of default, Plaintiff has stated a claim for statutorily defective foreclosure under NRS § 107.080 against Executive Trustee Services

4

(which was the foreclosing party) and GMAC Mortgage (which purchased the Property based upon a defective notice of default). See Chandler, 2011 WL 1792772, at **2-3 (denying a motion to dismiss where the party that filed the notice of default claimed to be acting as an agent of the beneficiary and no evidence establishing the existence of an agency relationship was presented to the court). Accordingly, this claim along with the dependent claims of injunctive relief (count three), declaratory relief (count four), restoration of title (count five), and quiet title (count six) survive Executive Trustee Services' and GMAC Mortgage's motion to dismiss (#10). However, because Greenpoint Mortgage Funding did not execute the notice of default or participate in the sale, it did not violate NRS § 107.080, and therefore the Court grants Greenpoint Mortgage Funding's motion to dismiss (#7) as to this claim and all claims dependent upon it.[2]

The only remaining cause of action is Plaintiff's claim of unjust enrichment (count two). (Compl. (#3) at 10-11). "Unjust enrichment is 'the unjust retention of money or property of another against the fundamental principles of justice or equity and good conscience.'" *Asphalt Prods. Corp. v. All Star Ready Mix, Inc.*, 898 P.2d 699, 701 (Nev. 1995) (quoting *Topaz Mut. Co. v. Marsh*, 839 P.2d 606, 613 (Nev. 1992)). However, an unjust enrichment claim is "not available when there is an express, written contract, because no agreement can be implied

---

[2] Plaintiff also argues that the foreclosure was wrongful because the Deed of Trust became unenforceable when the note was split from the Deed of Trust. (Compl. (#3) at 8). The theory that a party is not entitled to foreclose because the note was split from the deed of trust has been repeatedly rejected by this Court and the Ninth Circuit. See *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1044 (9th Cir. 2011); *Vega v. CTX Mortg. Co., LLC*, 761 F.Supp.2d 1095, 1097-98 (D. Nev. 2011); *Khankhodjaeva v. Saxon Mortg. Servs.*, 2012 WL 214302, at *4 (D. Nev. 2012); *Parker v. GreenPoint Mortg. Funding Inc.*, 2011 WL 5248171, at *4 (D. Nev. 2011); *Wittrig v. First Nat'l Bank of Nevada*, 2011 WL 5598321, at **5-6 (D. Nev. 2011). As the Deed of Trust was not rendered unenforceable by being split from the note, the foreclosure was not wrongful or statutorily defective on this basis.

when there is an express agreement." *Leasepartners Corp. v. Robert L. Brooks Trust*, 942 P.2d 182, 187 (Nev. 1997).

Unjust enrichment is not available in this matter because an express, written contract exists, namely, the note and Deed of Trust. Because these documents set forth Plaintiff's repayment obligations and the beneficiary's right of foreclosure in the event of default, a written contract controls the matter and Plaintiff cannot state a claim for unjust enrichment. Accordingly, this cause of action is dismissed without leave to amend. *See Chandler*, 2011 WL 1792772, at *3 (dismissing an unjust enrichment claim in light of mortgage note and deed of trust); *Vo v. Am. Brokers Conduit*, 2010 WL 4449235, at *3 (D. Nev. 2010) (same).

Finally, Plaintiff noted at oral argument that he was willing to voluntarily dismiss all causes of action against Canyon Capital Funding. The complaint is therefore dismissed as to Canyon Capital Funding without leave to amend.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED that the Court grants GreenPoint Mortgage Funding's motion to dismiss (#7) in its entirety without leave to amend.

IT IS FURTHER ORDERED that the Court grants in part and denies in part Executive Trustee Services' and GMAC Mortgage's motion to dismiss (#10). Specifically, the motion to dismiss is granted on Plaintiff's wrongful foreclosure claim (count one) and unjust enrichment claim (count two) and these claims are dismissed without leave to amend. However, the motion to dismiss is denied as to Plaintiff's claims for defective foreclosure (inferred from count one); injunctive relief (count three), declaratory relief (count four), restoration of title (count five), and quiet title (count six).

IT IS FURTHER ORDERED that the complaint is dismissed as to Canyon Capital Funding without leave to amend.

DATED: This 11th day of May, 2012.

_R. James_