**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JOSEPH PHILIP KALENOWSKI, )<br>       )<br>              Plaintiff, )<br>       )         3:11-cv-00797-RCJ-VPC<br>       vs. )<br>       )<br>CANYON CAPITAL FUNDING CORP. et al., )         **ORDER**<br>       )<br>              Defendants. )<br>_____ ) | |

   This is a residential foreclosure avoidance action. Pending before the Court is a Motion to Dismiss (ECF No. 47). For the reasons given herein, the Court grants the motion.

## I.     FACTS AND PROCEDURAL HISTORY

   Plaintiff Joseph Philip Kalenowski gave lender GreenPoint Mortgage Funding, Inc. ("GreenPoint") a $232,000, thirty-year, adjustable-rate promissory note (the "Note") on June 7, 2006 with an initial interest rate of 1% and initial monthly payment of $746.20. (*See* Note 1–2, June 7, 2006, ECF No. 8, at 8). The interest rate was adjustable as of August 1, 2006, and on the first of each month thereafter, but could never exceed 9.95%. (*See id.* 1). The monthly payment was adjustable as of August 1, 2007, and on that date every year thereafter. (*See id.* 2). The principal could never exceed 110% of the loan amount, and any remaining principal was due at the end of the thirty-year loan period. (*See id.*). The Note was secured by a deed of trust (the "DOT") against real property at 1740 Peavine Road, Reno, NV 89503 (the "Property"). (*See* DOT 1–3, June 7, 2006, ECF No. 8, at 15). The trustee of the DOT was Martin Conveyancing Corp., and Mortgage Electronic Registration Systems, Inc. ("MERS") was the

lender's nominee, as well as the beneficiary of the DOT. (*See id.* 2). Executive Trustee Services, LLC ("ETS") filed a notice of default (the "NOD") against the Property "as agent for beneficiary," based upon a default of unspecified amount as of May 1, 2010. (*See* NOD, Aug. 10, 2010, ECF No. 22, at 37). MERS then later substituted ETS as trustee on the DOT. (*See* Substitution, July 1, 2011, ECF No. 22, at 33).[1] On July 22, 2011, ETS purported to sell the Property to GMAC Mortgage, LLC ("GMAC") at a trustee's sale. (*See* Compl. ¶¶ 38–39, Oct. 10, 2011, ECF No. 3).

Plaintiff sued Canyon Capital Funding Corp., GreenPoint, MERS, ETS, and GMAC in state court on six nominal causes of action: (1) wrongful foreclosure; (2) unjust enrichment; (3) injunctive relief; (4) declaratory relief; (5) restoration of title; and (6) quiet title. Defendants removed. GreenPoint moved to dismiss, as did ETS and GMAC. The Court granted GreenPoint's motion in full but granted ETS's and GMAC's motion only in part, dismissing the wrongful foreclosure claim because Plaintiff admitted default but refusing to dismiss the remaining claims because Plaintiff had sufficiently alleged a statutorily defective foreclosure under section 107.080 of the Nevada Revised Statutes ("NRS"), i.e., that ETS had filed the NOD when it was still a stranger to the DOT. (*See* Order, May 11, 2012, ECF No. 30). ETS and GMAC then filed a Notice of Bankruptcy, reporting that they had filed for Chapter 11 bankruptcy protection in the Southern District of New York. (*See* Notice of Bankruptcy, May 18, 2012, ECF No. 31). The bankruptcy judge in New York granted limited relief from the automatic stay, permitting the debtors to continue with foreclosures and similar proceedings. (*See* Notice, June 26, 2012, ECF No. 32). ETS and GMAC have now moved to dismiss again.

---

[1] Although MERS' claim on the NOD to be the "Owner and Holder of the Note" is not supported by any evidence and is almost certainly not correct, MERS as the lender's nominee had the ability to transfer ownership of the Note. In any case, this is all inapposite to the Substitution. So long as MERS was the beneficiary of the DOT itself, which it was, it had the ability to substitute the trustee on the DOT.

## II. LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6)

Page 3 of 5

1 motion to dismiss" without converting the motion to dismiss into a motion for summary
2 judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule
3 of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay*
4 *Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court
5 considers materials outside of the pleadings, the motion to dismiss is converted into a motion for
6 summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir.
7 2001).

8 **III.   ANALYSIS**

9       Movants note that the Court previously refused to dismiss many of the claims because the
10 substitution provided indicated that ETS had filed the NOD on August 10, 2012 but was not
11 substituted as trustee until July 1, 2011. Movants now adduce a new substitution in which
12 MERS substituted ETS as trustee on August 10, 2010. (*See* Substitution, Aug. 10, 2010, ECF
13 No. 47, at 8). The 2010 Substitution appears valid. It is notarized and signed, and it does indeed
14 appear in the public records of Washoe County as Document. No. 3911353, as the copy adduced
15 indicates. A close examination of the two Substitutions indicates that they relate to different
16 deeds of trust. The Substitution adduced with the present motion, executed on August 10, 1010
17 and recorded on August 12, 2010 (the same dates as the NOD was executed and recorded),
18 relates to Document No. 3402260, which is the DOT securing the $232,000 loan to GreenPoint,
19 and to which the NOD relates. The Substitution previously adduced, executed on July 1, 2011
20 and recorded on July 8, 2011, relates to Document No. 3402261, which has not been adduced,
21 but which the public records indicate is a deed of trust securing a $29,000 home equity line of
22 credit against the Property that is not at issue in the present case. The Court is now satisfied that
23 there was no statutory defect in foreclosure.

24       The Court rejects Plaintiffs arguments in opposition that because MERS did not hold the
25 Note, foreclosure was improper. As the Court has noted, MERS is not the beneficiary of the

Note, but it is the beneficiary's "nominee" (agent) with respect to the Note, and MERS is in fact the beneficiary of the DOT itself. *See generally Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249 (Nev. 2012). Because MERS was the beneficiary of the DOT, and because MERS was also the agent of the beneficiary of the Note, the trustee MERS substituted to conduct foreclosure, ETS, had the required authority to conduct the foreclosure. *See generally id.*

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 47) is GRANTED.

IT IS FURTHER ORDERED that the Clerk shall enter Judgment and close the case.

IT IS SO ORDERED.

Dated this 26th day of April, 2013.

_____
ROBERT C. JONES
United States District Judge