**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

JOSEPH PHILIP KALENOWSKY,

        Plaintiff,

        vs.

CANYON CAPITAL FUNDING CORP., et al.,

        Defendants.

3:11-cv-00797-RCJ-VPC

**ORDER**

This is a residential foreclosure avoidance action, which the Court dismissed on April 26, 2013. Pending before the Court is a Motion for Attorney's Fees and Costs. For the reasons given herein, the Court grants the motion.

## I.   FACTS AND PROCEDURAL HISTORY

Plaintiff Joseph Philip Kalenowski gave lender GreenPoint Mortgage Funding, Inc. ("GreenPoint") a $232,000, thirty-year, adjustable-rate promissory note (the "Note") on June 7, 2006, with an initial interest rate of 1% and initial monthly payment of $746.20. (*See* Note 1–2, June 7, 2006, ECF No. 8, at 8). The interest rate was adjustable as of August 1, 2006, and on the first of each month thereafter, but could never exceed 9.95%. (*Id.* at 1). The monthly payment was adjustable as of August 1, 2007, and on that date every year thereafter. (*Id.* at 2). The principal could never exceed 110% of the loan amount, and any remaining principal was due at the end of the thirty-year loan period. (*Id.*). The Note was secured by a deed of trust (the "DOT") against real property at 1740 Peavine Road, Reno, NV 89503 (the "Property"). (*See* DOT 1–3, June 7, 2006, ECF No. 8, at 15). The trustee of the DOT was Martin Conveyancing Corp., and

Mortgage Electronic Registration Systems, Inc. ("MERS") was the lender's nominee, as well as the beneficiary of the DOT. (*See id.* at 2). Executive Trustee Services, LLC ("ETS") filed a notice of default (the "NOD") against the Property "as agent for beneficiary," based upon a default of unspecified amount as of May 1, 2010. (NOD, Aug. 10, 2010, ECF No. 22, at 37). MERS then later substituted ETS as trustee on the DOT. (Substitution, July 1, 2011, ECF No. 22, at 33). On July 22, 2011, ETS purported to sell the Property to GMAC Mortgage, LLC ("GMAC") at a trustee's sale. (Compl. ¶¶ 38–39, Oct. 10, 2011, ECF No. 3).

Plaintiff sued Canyon Capital Funding Corp., GreenPoint, MERS, ETS, and GMAC in state court on six nominal causes of action: (1) wrongful foreclosure; (2) unjust enrichment; (3) injunctive relief; (4) declaratory relief; (5) restoration of title; and (6) quiet title. Defendants removed, and on November 14, 2011, GreenPoint, ETS, and GMAC moved to dismiss. On May 11, 2012, the Court granted GreenPoint's motion in full, but granted ETS's and GMAC's motion only in part. Specifically, the Court dismissed the wrongful foreclosure claim, because Plaintiff admitted default, but it refused to dismiss the remaining claims, finding that Plaintiff had sufficiently alleged a statutorily defective foreclosure under section 107.080 of the Nevada Revised Statutes ("NRS") because the evidence then before the Court indicated that ETS filed the Notice of Default when it was still a stranger to the Deed of Trust. (Order, May 11, 2012, ECF No. 30).

Shortly thereafter, GMAC and ETS (collectively "Defendants") identified the "missing" Substitution of Trustee and brought it to the attention of Plaintiff's counsel. On September 28, 2012, Plaintiff's counsel moved to withdraw, citing fundamental and irreconcilable differences with Plaintiff concerning the presentation of the case. (Mot. to Withdraw as Counsel, ECF No. 41, at 2). Plaintiff chose to proceed pro se.

On October 15, 2012, Plaintiff and GMAC attended a Settlement Conference in Reno before Magistrate Judge Valerie P. Cooke. GMAC sent a representative from Minnesota, and GMAC's counsel traveled from Las Vegas to attend. On the Friday evening before the Monday morning Settlement Conference, Plaintiff filed a thirty-seven page "Chain of Title Analysis," (ECF No. 44), which was not received by Defendants until minutes before the Settlement Conference was to begin, (CM/ECF e-mail dated October 15, 2012, ECF No. 66, at Exhibit B). The Court struck this fugitive document after the conclusion of the Settlement Conference, as the deadline for expert disclosures had long since passed. (Mins. of Ct., Oct. 15, 2012, ECF No. 45, at 1). Plaintiff also attempted to tape record the Settlement Conference, despite Judge Cooke's instruction to all present parties that the proceedings were to be confidential. (Schuller Declaration ¶ 5, ECF No. 66, at Exhibit A). Near the end of the proceedings, which lasted several hours, Plaintiff misrepresented to Judge Cooke and GMAC that he was going to call some associates about possible financing for the subject property. After the parties retired to separate rooms, however, Plaintiff acknowledged that he had actually called the individual who prepared "Chain of Title Analysis," which the Court later struck. (*Id.* ¶¶ 6–7). Not surprisingly, the parties were unable to reach a settlement agreement. (*See* Mins. of Proceedings, ECF No. 46.).

On October 18, 2012, GMAC served Plaintiff with an Offer of Judgment for $1,000 ("inclusive of attorneys' fees, costs, and interest."). (Offer of Judgment, ECF No. 58, at Exhibit B). On the same day, Defendants also filed their second Motion to Dismiss and attached the missing proof of ETS's substitution (i.e., the Substitution of Trustee). (ECF No. 47). Despite the fact that Defendants provided the single missing link in the chain of title that the Court had requested, Plaintiff chose to reject the Offer of Judgment and proceed, filing a Motion for Extension of Time, (ECF No. 49), and an Opposition to the second Motion to Dismiss, (ECF No.

51). Both of these filings required analysis and response by counsel for Defendants. On April 26, 2013, this Court issued an Order granting Defendants' second Motion to Dismiss, (ECF No. 56), and its Judgment in a Civil Case (ECF No. 57).

On May 10, 2013, Defendants filed the instant motion, seeking attorneys' fees from October 18, 2012 to April 30, 2013 (totaling $2,423.25) and costs (totaling $1,182.11), pursuant to NRS 18.010 (i.e., Plaintiff's bad faith during the litigation) and Federal Rule of Civil Procedure 68(d) (i.e., Plaintiff's rejection of the offer of judgment). (*See* Motion, ECF No. 58, at 4–8). The Motion describes said fees and itemizes said costs in accordance with Federal Rule 54(d)(2) and Local Rule 54-16. (*Id.*).

On May 23, 2013, Plaintiff filed a Notice of Appeal (ECF No. 60) from this Court's Order granting Defendants' second Motion to Dismiss (ECF No. 56). On May 28, 2013, Plaintiff filed its Opposition to the instant motion (ECF No. 64). The body of the Opposition consists of a single sentence: "This Opposition is made and based upon FRCP 62.1(a)(1), [i]ndicative ruling on a motion for relief that is barred by a [p]ending [a]ppeal [USCA Case Number 13-16057 Assigned], the pleadings and papers on file herein, and any argument presented at the time of hearing on this matter." (*Id.* at 2).

## II.    LEGAL STANDARDS

Rule 54 requires an award of costs to a prevailing party and permits attorneys' fees to a prevailing party if provided for elsewhere (by statute, rule, or contract). *See* Fed. R. Civ. P. 54(d). Local Rules 54-1 and 54-16 contain procedural and evidentiary requirements for fee awards.

### III.   ANALYSIS

Defendants argue that they are entitled to attorney's fees and nontaxable costs under two theories: (1) because Plaintiff rejected an offer of judgment, Federal Rule 68(d) provides this Court with equitable power to award fees, and an award of fees is appropriate under the present circumstances; and (2) because Plaintiff acted in bad faith, an award of fees is appropriate under NRS 18.010.

Federal Rule 68(d) is inapplicable in this case, and by its own terms, is never a basis for an award of fees. The corresponding state statute, however, permits an award of reasonable attorney's fees. *See* Nev. Rev. Stat. § 17.115(4)(d)(3). The state rules also permit such an award. *See* Nev. R. Civ. P. 68(f)(2). Although section 17.115 and Nevada Rule 68 are *Erie*-substantive, they can, in some cases, conflict with Federal Rule 68, which governs the penalties for rejecting offers of judgment in federal court. *See Walsh v. Kelly*, 203 F.R.D. 597, 598–600 (D. Nev. 2001) (citing *Hanna v. Plumer*, 380 U.S. 460, 471–72 (1965)). Whereas the state rule permits both attorney's fees and otherwise nontaxable costs against a party who obtains a judgment less favorable than an offer it rejected, the federal rule permits only costs. *See id.* at 599; Fed. R. Civ. P. 68(d) ("If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made."). Federal Rule 68 is not applicable here, however, because Plaintiff (the putative "offeree" under Federal Rule 68) obtained no judgment at all with respect to its own claims. *See Delta Air Lines v. August*, 450 U.S. 346, 352 (1981) ("In sum . . . it is clear that [Federal Rule 68] applies only to offers made by the defendant and only to judgments obtained by the plaintiff. *It therefore is simply inapplicable to this case because it was the defendant that obtained the judgment.*"

(emphasis added)). Thus, in the present case, because the Defendant obtained the judgment, there

is no conflict with Federal Rule 68 and Nevada Law on the matter controls.

In contrast to Federal Rule 68, section 17.115 appears to permit an award of fees (and

other nontaxable costs) so long as the rejecting offeree fails to receive a more favorable

judgment, regardless of whether the rejecting offeree receives any judgment at all. *See* Nev. Rev.

Stat. § 17.115(4), (4)(c), and (4)(d)(3) ("[I]f a party who rejects an offer of judgment fails to

obtain a more favorable judgment, the court . . . shall order the party to pay the taxable costs

incurred by the party who made the offer; and . . . may order the party to pay to the party who

made the offer . . . reasonable attorney's fees incurred by the party who made the offer for the

period from the date of service of the offer to the date of entry of the judgment."). The court has

discretion whether to award fees and nontaxable costs under section 17.115, according to the

following factors:

> (1) whether the plaintiff's claim was brought in good faith; (2) whether the
> defendants' offer of judgment was reasonable and in good faith in both its timing
> and amount; (3) whether the plaintiff's decision to reject the offer and proceed to
> trial was grossly unreasonable or in bad faith; and (4) whether the fees sought by
> the offeror are reasonable and justified in amount.

*Chavez v. Sievers*, 43 P.3d 1022, 1027 (Nev. 2007) (quoting *Beattie v. Thomas*, 668 P.2d 268,

274 (Nev. 1983)). Claims for attorney fees under section 17.115 are fact intensive, and an award

will not be disturbed absent an abuse of discretion. *Wynn v. Smith*, 117 Nev. 6, 13, 16 P.3d 424,

428 (2001).

The Court finds that Defendants are entitled to fees and otherwise nontaxable costs under

NRS section 17.115. Turning to the first factor, while it is possible that Plaintiff's claims where

brought in good faith, the record indicates that they were not maintained in good faith,

particularly after Plaintiff was made aware that Defendants possessed the evidence of

substitution that the Court called for in its Order on the first Motion to Dismiss. (*See* Order, ECF

No. 30). The withdrawal of Plaintiff's counsel and Plaintiff's conduct before Magistrate Judge

Cooke indicate that Plaintiff likely recognized that his theory of defective foreclosure would not

survive the second motion to dismiss. Yet, Plaintiff maintained the claims, intentionally

inconveniencing the Defendants and delaying the resolution of the dispute.

   With respect to the Second factor, the Court finds that Defendants' offer of judgment was

reasonable—in both timing and amount—and made in good faith. While the token $1,000 offer

may appear to have been made simply for the procedural purpose of preserving rights to fees

under state law, the obvious weakness of Plaintiff's case made the offer reasonable. Moreover,

the fact that the offer was extended on the day that Defendants filed their second Motion to

Dismiss, suggests that it was extended in attempt to avoid unnecessary future motion practice.

Thus, it appears that the offer was made consistent with the purpose of section 17.115. *Dillard*

*Dep't Stores, Inc. v. Beckwith*, 115 Nev. 372, 382, 989 P.2d 882, 888 (1999) ("The purpose of

NRS 17.115 and NRCP 68 is to save time and money for the court system, the parties and the

taxpayers.").

   Third, for the forgoing reasons, the Court finds that Plaintiff's rejection of the offer was,

at a minimum, grossly unreasonable—if not in bad faith. Moreover, the Court notes that Plaintiff

has failed to make any argument to the contrary—or, for that matter, any substantive argument

whatsoever—in its Opposition to the instant motion.

1

2          Fourth, The Court accepts the proffered rates and hours as reasonable and justified in

3    amount. Accordingly, the Court finds that each of the relevant factors points toward an award of

4    costs and fees, under section 17.115, in the amount requested by the Defendants.[1]

5          The Court rejects Plaintiff's conclusory contention that a ruling on Defendants' Motion

6    for Attorney's Fees and Costs is bared, under Federal Rule 62.1(a)(1), by Plaintiff's filing of a

7    Notice of Appeal. Federal Rule 62.1 offers district courts several options for action when "a

8    timely motion is made for relief that the court lacks authority to grant because of an appeal that

9    has been docketed and is pending." Fed R. Civ. P. 62.1. Under Rule 62.1(a), a district court may

10   defer consideration of or deny the motion, or it may state that it would grant the motion if the

11   court of appeals remands for that purpose or that the motion raises a substantial issue. *Id.*

12   However, Rule 62.1 does not apply to the six motions identified in Federal Rule of Appellate

13   Procedure 4(a)(4)(A), which halt the appellate process to allow to the district court time to rule,

14   because the district court is not divested of jurisdiction over these issues. Fed. R. App. P.

15   4(a)(4)(A). These motions include motions for judgment under Rule 50(b), motions to amend or

16   make new factual findings under Rule 52, motions for attorney's fees under Rule 54, motions to

17   alter or amend judgment under Rule 59, motions for a new trial under Rule 59, and motions for

18   relief under Rule 60. Here, Defendants have moved for attorney's fees and costs under Rule 54,

19   and thus, this Court retains the power to consider and grant the motion. *Id.*; *see also Patrick v.

20   Williams & Associates*, 456 F. App'x 708, 710 (9th Cir. 2011) (citing *Masalosalo v. Stonewall

21   Ins. Co.*, 718 F.2d 955, 957 (9th Cir.1983) ("The district court retain[s] the power to award

_____

[1] The Court notes that Defendants contend that NRS 18.010 provides an alternative basis for an award of costs and
fees. This is incorrect. Section 18.010 is inapplicable to this case because it applies only against represented parties.
In contrast, Section 7.085 applies against attorneys and pro se parties, such as Kalenowsky, but is otherwise identical
to section 18.010. *See Max Baer Prods., Ltd. v. Riverwood Partners, LLC*, No. 3:09-CV-00512-RCJ-RAM, 2012
WL 5944767, at *4 (D. Nev. Nov. 26, 2012). However, this Court has previously found that unlike section 18.010,
section 7.085 conflicts with Federal Rule 11, and therefore that Rule 11 controls claims for fees and costs raised
under section 7.085. *Id.* In the present case, the parties have not briefed the Rule 11 question, but the Court need not
reach it, having granted an award of fees and costs under NRS 17.115.

1   attorneys' fees after the notice of appeal from the decision on the merits had been filed.")).

2   Therefore, Defendants' Motion for Attorney's Fees and Costs (ECF No. 58) is granted.

3

4                                    **CONCLUSION**

5

6           IT IS HEREBY ORDERED that the Motion for Attorney's Fees and Costs (ECF No. 58)

7   is GRANTED.

8           IT IS SO ORDERED.

9

10  Dated:  This 21st day of October, 2013.

11

12                                    _____
                                      ROBERT C. JONES
                                      United States District Judge
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28